**STATE of Tennessee, ex rel. Romona OVERTON, Plaintiff–Appellee,**

v.

**William TAYLOR, Defendant–Appellant.**

Supreme Court of Tennessee.

March 19, 1990.

James G. Stranch, Nashville, for defendant-appellant.

Charles W. Burson, Atty. Gen. and Reporter, Stuart F. Patton, Asst. Atty. Gen., Nashville, for plaintiff-appellee.

## OPINION

FONES, Justice.

This is a Rule 9 interlocutory appeal in a paternity case. It was originally filed in the Juvenile Court of Davidson County. Defendant Taylor denied paternity and demanded a jury. The case was transferred to the circuit court for trial.

Plaintiff, State ex rel. Overton, filed a motion in the circuit court requesting that the court order Taylor to submit to an HLA blood test, pursuant to the provisions of

T.C.A. § 24–7–112. Taylor apparently opposed the motion on the ground that the statute required the moving party to file the motion for the test at the time of that party's "initial appearance," and that Overton's initial appearance was in juvenile court.

The trial judge entered an order requiring Taylor to submit to an HLA blood test. The trial judge made the following findings: (1) the local rules of juvenile court do not apply in circuit court; and, (2) T.C.A. § 24–7–112 is unconstitutional:

> ... insofar as the legislative branch has interfered with the judicial discretion of the court, in that T.C.A. 27–7–112 would not allow the court to order a blood test because it was not requested in the Petitioner's initial appearance in juvenile court. This violates the separation of powers clause of the United States Constitution.

T.C.A. § 24–7–112(a) reads as follows:

> (a) In the trial of any civil or criminal proceeding in which the question of parentage arises, the court before whom the matter may be brought, upon the motion of either party at the initial appearance, shall order that all necessary parties submit to any tests and comparisons which have been developed and adapted for purposes of establishing or disproving parentage. Failure to make a timely motion for submission to such tests and comparisons shall constitute a waiver and shall not be grounds for a continuance. The results of such tests and comparisons, including the statistical likelihood of the alleged parent's parentage, if available, may be admitted into evidence as provided in subsection (b) of this section.

Taylor moved to reconsider or grant an interlocutory appeal. The trial court affirmed its prior order but granted a Rule 9 appeal.

In the trial judge's second order he added that the statute was:

> ... an unconstitutional encroachment upon the inherent power of the court to exercise judicial discretion in the conduct of proceedings before it and to control the court's docket.

Taylor's Rule 9 application to the Court of Appeals was rejected on the ground that Taylor offered no explanation for the delay in filing his motion to reconsider in the trial court.

This Court granted the Rule 9 application.

The trial judge misinterpreted the statute. The "initial appearance" applies to "the court before whom the matter may be brought." The statute applies to the "trial of any civil or criminal proceeding in which the question of parentage arises." A paternity suit is one of the possible proceedings in which that issue may arise. Original jurisdiction of a paternity suit is in the juvenile court and may be tried there without a jury, if the alleged father denies paternity but does not demand a jury to try the case. T.C.A. § 32–2–103 and § 32–2–106. In that situation if either party moves to invoke T.C.A. § 24–7–112 the motion should be filed contemporaneous with the "initial appearance."

However, if defendant denies paternity and demands a jury trial, as here, the case is transferred to the circuit or chancery court for trial. *See* T.C.A. § 32–2–106. When that occurs, the circuit or chancery court then becomes "the court *before* whom the matter *may* be brought" within the contemplation of T.C.A. § 24–7–112. The "initial appearance" requirement then shifts to the circuit or chancery court. The trial judge in this case found that Overton had filed the motion for the test at that party's initial appearance in the circuit court and issued the order to submit to the test upon that basis, after finding the statute unconstitutional, on the erroneous assumption that it mandated the filing of that motion with the initial appearance in the juvenile court, without regard to where the paternity issue was tried.

We hold that the statute requires that the demand for testing by either party must be made at the initial appearance of the demanding party in the juvenile court only if the issue of paternity is tried in the juvenile court. If it is transferred to the circuit court for trial, that court becomes "the court before whom the matter may be brought." From that point forward the

demand for testing by either party should be made contemporaneous with the moving party's initial appearance. If transferred to the circuit or chancery court for trial, it is immaterial whether or not either party has made a timely motion in the juvenile court for testing pursuant to the statute.

The motion of Overton to require Taylor to submit to the test as per T.C.A. § 24–7–112, made contemporaneously with the movant's first appearance in circuit court, was timely and valid under the statute, and the trial judge had no basis whatever for consideration of the statute's constitutionality. He addressed that issue sua sponte predicated upon an erroneous interpretation of the statute. In this Court the parties and the attorney general assert that the statute is constitutional.

The order requiring Taylor to submit to an HLA blood test is valid. This case is remanded for the reentry and enforcement of that order and the expeditious advancement of the case to final judgment in the trial court. It was originally filed in March 1984.

DROWOTA, C.J., and HARBISON, COOPER and O'BRIEN, JJ., concur.